

**FILED**

11/17/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0531

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 20-0531

FILED

NOV 17 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

IN THE MATTER OF THE GUARDIANSHIP
AND/OR CONSERVATORSHIP OF:

J.T.S.,

An Incapacitated Person.

O R D E R

Representing herself, G.E.S. has filed a verified Petition for an Out-of-Time Appeal, requesting that this Court dismiss the underlying guardianship proceeding and void the accompanying orders from the Eleventh Judicial District Court, Flathead County. As grounds for the late filing, G.E.S. states that she was adjudicated in 1999 "as permanently mentally ill . . . ." She explains that at the time she considered the order illegal and that she has "not been able to vote, marry, buy property or sign any contract since finding out about this order." She states that she recently "experienced serious homelessness, and need[s] to make an effort [to] get possession of [her] farm." G.E.S. attaches copies of various orders from three cases: DG 98-078-B, DV 12-45C, and DV 10-1231B.

M. R. App. P. 4(6) provides that "[i]n the infrequent harsh case and under extraordinary circumstances, amounting to a gross miscarriage of justice, the supreme court may grant an out-of-time appeal."

G.E.S. further explains that she was the wife for twenty-five years of the person, J.T.S., who was the subject of the underlying guardianship and civil proceedings. G.E.S. adds that J.T.S. died in 2009. She requests that this Court undo the orders, such as reinstating her as the wife of J.T.S., voiding the probate decisions which awarded all property to J.T.S.'s children, and repay her J.T.S.'s Army retirement pension for the years of 1998 to 2009. She also requests investigations into the different officials' actions which preceded the court's decisions.

It would be very difficult for this Court to acquire jurisdiction of civil proceedings that were decreed eight to twenty-one years ago. Moreover, this Court does not conduct investigations. While G.E.S. acknowledges extraordinary circumstances, her petition arrives very late with this Court. "Extraordinary circumstances do not include mere mistake, inadvertence, or excusable neglect." M. R. App. P. 4(6). G.E.S. does not explain why she did not seek an appeal years ago. At this date so many years later, we could not undo what has been rendered or provide G.E.S. with her requested relief. Therefore,

IT IS ORDERED that G.E.S.'s Petition for an Out-of-Time Appeal is DENIED.

The Clerk is directed to provide a copy of this Order to counsel of record and to G.E.S. personally.

DATED this 17 day of November, 2020.

_____

_____

_____

_____

_____
Justices

2